Stephani L Ayers, Esq. (Washington #31610)
LAW OFFICE OF S.L. AYERS
P.O. Box 1061
Medford, OR 97501
Tel: (813) 382-7865
Fax: (888) 866-4720
Email: stephani@whistleblowerdefenders.com

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WESTERN WASHINGTON

MICHAEL SALVO,

   Plaintiff,

vs.

HORIZON AIR INDUSTRIES, INC.,
AND ALASKA AIR GROUP, INC.

   Defendants.
_____

Case No. 2:21-cv-00430-DGE

**MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES**

**(JURY DEMAND)**

Plaintiff respectfully submits this Motion for Leave to File his First Amended Complaint pursuant to FRCP 15, LCR 7 and LCR 15.  The proposed First Amended Complaint is attached as Exhibit A to this Motion. Plaintiff has

stricken through the language to be deleted and highlighted the language to be added in accordance with LCR 15.  Plaintiff sent a draft of the Proposed First Amended Complaint earlier today to counsel for Defendants, but counsel for Defendants stated they did not have sufficient time to review the proposal and would let their position be known at a later date.  As the [Doc. 10] Minute Entry re: Telephonic Status Conference set the filing date for this Motion as April 1, 2022, Plaintiff files this proposed Amendment today.

## I.      INTRODUCTION

The Court should grant Plaintiff's Motion for Leave to File his Amended Complaint because Plaintiff meets the requirements under Fed. R. Civ. P. 15(a)(2): "(2) *Other Amendments* a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

## II. PROCEDURAL HISTORY

Plaintiff filed an original complaint against Defendants on March 30, 2021. Defendants filed an Answer to the Complaint on May 21, 2021.  The parties have been exchanging paper discovery and recently completed their first round of

remote depositions, due to a delay when counsel for Plaintiff contracted COVID in late December 2021 that took a fair amount of time to resolve.

### III. ARGUMENT

Federal Rule of Civil Procedure 15(a)(2) provides that "[t]he court should freely give leave [to amend a complaint] when justice so requires". Fed. R. Civ. P. 15(a)(2). The district court has the discretion to decide whether to grant Plaintiff leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996); *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th Cir.1982), *vacated on other grounds*, 459 U.S. 810 (1982). In its exercise of this discretion, the court applies Rule 15 to "facilitate [a] decision on the merits, rather than on the pleadings or technicalities." *U.S. v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Furthermore, the court interprets the language for granting amendments under Rule 15 with "extreme liberality." *Id*.

**A. Under the Ninth Circuit Standard Plaintiff Should Be Granted Leave to Amend.**

When deciding whether to grant leave to amend, a court must consider: (1) whether the amendment was filed with undue delay; (2) whether the movant has requested the amendment in bad faith or as a dilatory tactic; (3) whether movant was allowed to make previous amendments which failed to correct deficiencies of

the complaint; (4) whether the amendment will unduly prejudice the opposing party and; (5) whether the amendment is futile. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citing *Foman v. Davis*, 371 US 178, 182 (1962)).

The five factors are not considered equally. Prejudice is the most important factor and is given the most weight. *Eminence*, 316 F.3d at 1052. Therefore, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id. See also Talwar v. Creative Labs, Inc.*, No. CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (finding the plaintiffs should be granted leave to amend because additional discovery would not unduly prejudice the defendant and the defendant did not make a strong enough showing of bad faith on the part of the plaintiffs or that the plaintiffs requested leave to amend as a dilatory tactic, despite the suspect timing of the filing).

The Ninth Circuit has also held that one of the five *Foman* factors alone is not sufficient to justify the denial of a request for leave to amend. The Ninth Circuit has found that undue delay alone "is insufficient to justify denying a motion to amend" and has "reversed the denial of a motion for leave to amend where the

district court did not provide a contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment." *Bowles v. Reade*, 198 F.3d 752, 758 (9th Cir. 1999).

In this case, Plaintiff's amendment will not unduly prejudice Defendants. First, the amendment largely explains or expounds upon facts that were previously raised in the original complaint. Plaintiff has added a protected activity discussed during Defendants' March 22, 2022 deposition of him. Second, discovery is ongoing. Both sides have time to further interrogate about the allegations of the Proposed First Amended Complaint further.

Plaintiff did not file the amendment with undue delay. Rather, Plaintiff filed the amendment by the deadline set forth in [Doc. 10] Minute Entry re: Telephonic Status Conference, including based on the enhanced information discovery provided. Plaintiff does not request leave to amend in bad faith or for dilatory reasons. Instead, Plaintiff requests leave to amend because he understood he had until April 1, 2022 to clarify further his allegations and add to or explain his protected disclosures if he deemed it necessary. Plaintiff's amendment is not futile because he articulated and further explains legally cognizable claims for damages and equitable relief.

MOTION TO FILE FIRST AMENDED COMPLAINT

5

LAW OFFICE OF S.L. AYERS
P.O. Box 1061, Medford, OR 97501
Tel: (813) 382-7865

## IV. CONCLUSION

Based on the above reasons, this Court should grant Plaintiff's Motion.

DATED: April 1, 2022

                Respectfully submitted,

                Law Office of S.L. Ayers

                s/Stephani L. Ayers
                STEPHANI L. AYERS (WSBA #31610)

                Stephani L. Ayers tel: 813.382.7865
                Fax: 1.888.866.4720
                E-mail: stephani@whistleblowerdefenders.com

                Counsel for Plaintiff